**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

KELLY DEAN WORTHAN,

        Petitioner - Appellant,

  v.

ATTORNEY GENERAL OF THE STATE
OF MONTANA and  LEROY
KIRKEGARD ,

        Respondents - Appellees.

No. 11-35692

D.C. No. 9:11-cv-00048-DWM

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted March 6, 2013
Portland, Oregon

Before: CLIFTON and BEA, Circuit Judges, and MAHAN, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Appellant Kelly Dean Worthan ("Worthan") appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his Montana convictions. This court granted a certificate of appealability as to whether Worthan received ineffective assistance of counsel at trial. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *see McCormick v. Adams*, 621 F.3d 970, 975 (9th Cir. 2010), and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant a habeas writ only if the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1).

The applicable law in Worthan's case is *Strickland v. Washington*, 466 U.S. 668 (1984), which is "clearly established Federal law" under the AEDPA. *See Harrington v. Richter*, 131 S.Ct. 770, 785-86 (2011). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Id.* at 788 (internal citations and quotations omitted).

To prevail on a claim of ineffective assistance of counsel, Worthan must

show: (1) that his trial counsel's performance fell outside a wide range of reasonableness, and (2) that he was prejudiced by that performance. *Weighall v. Middle*, 215 F.3d 1058, 1062 (9th Cir. 2000) (citing *Strickland*, 466 U.S. at 691, 694).

First, Worthan claims ineffective assistance of counsel because his trial counsel said she would call an expert, Dr. Michael Scolatti, during her opening statement. Trial counsel never called Dr. Scolatti to the stand. The Montana Supreme Court held there was no prejudice under *Strickland* because "Dr. Scolatti's testimony during sentencing actually supported the conclusion that the State forensic interviews were conducted in a professional and proper manner." *Worthan v. State*, 232 P.3d 380, 384 (Mont. 2010). We find that the state court's decision was not an unreasonable application of *Strickland*.

Second, Worthan claims ineffective assistance of counsel because his trial counsel failed adequately to assess the credentials of proposed defense expert David Stube. The Montana Supreme Court held that trial counsel's performance was not deficient because trial counsel met with Stube, reviewed his curriculum vitae, and discussed his Ph.D. with him. *Worthan*, 232 P.3d at 384. Further, the state court found that Stube "glossed over or even misled" trial counsel regarding his qualifications. *Id.* We find that the state court's decision was not an

3

unreasonable application of *Strickland*.

Upon the record as a whole, we are compelled to conclude that the state court's rejection of Worthan's ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established federal law. *See Harrington*, 131 S.Ct. at 786.

**AFFIRMED.**